UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL HERNANDEZ,
        Plaintiff,

v.                                      Case No.: 1:25cv47/TKW/ZCB

ROBERT B. MCCALLUM, JR.,
et al.,
        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.  Presently before the Court is Plaintiff's third amended complaint.[1] (Doc. 25).  The Court is required to screen the third amended complaint to determine if it is frivolous or malicious, fails to

---

[1] After Plaintiff filed the third amended complaint (Doc. 25), the Court received an identical and unsigned copy of it (Doc. 29).  Plaintiff previously advised the Court that he may have inadvertently sent an unsigned copy.  (Doc. 26).  Because the unsigned copy violates the Local Rules and the Federal Rules of Civil Procedure, and since it is identical to the third amended complaint in all respects except for the missing signature, the Court considers only the signed third amended complaint (Doc. 25).  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); *see also* N.D. Fla. Loc. R. 5.1(E) ("A document filed by a pro se party must include a signature block with the party's handwritten signature . . . .").

state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)-(b). Upon a review of the third amended complaint, the Court finds that it is an impermissible shotgun pleading. Because Plaintiff previously submitted a shotgun pleading and was notified of the deficiencies and provided an opportunity to amend, (Docs. 19, 20), this case should be dismissed.

## I. Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up).  What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).  And dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in

order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's third amended complaint is a shotgun pleading because it "does not separate each cause of action or claim for relief into a different count." *Barmapov*, 986 F.3d at 1325 (cleaned up). The third amended complaint claims to be asserting thirteen counts. (Doc. 25 at 7, 22-24). But Plaintiff has combined several different causes of action or claims into a single count and in some instances has failed to adequately specify what claims are actually being asserted in what counts.

For example, in Count I, Plaintiff states that Defendants McCallum, Narayan, Perryman, Stancil, and Murphy "committed conspiracy against Plaintiff and family in violations of Tit. 42 USCS 1985(3) and F.S. 777.04(3)." (*Id.* at 7). Count I continues by stating that "[t]heir conspiracy deprived Plaintiff and his family of life, liberty, and property without due process of law by reaching an understanding and agreement to deny Plaintiff/family of their 5th amendment rights" and that these actions "amount to deliberate indifference" due to "wanton and gross negligence" while also being "intentional misconduct." (*Id.* at 7, 22). The references to 42 U.S.C. § 1985(3) and Fla. Stat. § 777.04(3) constitute

4

at least two distinct claims and it is entirely unclear whether Plaintiff's reference to Fifth Amendment due process rights is intended as a standalone claim or to support the two aforementioned claims. The same is true regarding Plaintiff's reference to gross negligence—a recognized cause of action under Florida law.[2] *See Cortes v. Honeywell Bldg. Sols. SES Corp.*, 37 F. Supp. 3d 1260, 1270 (S.D. Fla. 2014) (identifying the elements of a gross negligence claim under Florida law).

Count II alleges that Defendants McCallum, Narayan, and Perryman discriminated against Plaintiff due to his sex offender status in violation of the Fourteenth Amendment's Equal Protection Clause. (Doc. 25 at 22). But Plaintiff again states that these Defendants "commit[ed] wanton and gross negligence" without clarifying whether these are independent claims for relief. (*Id.*). Count III is similar, where Plaintiff states that Defendants Perryman and Stancil "violat[ed] . . . Franks v. Del. 438 US 154 (1978)" by fabricating probable cause for a

---

[2] In a standalone sentence in Count I, Plaintiff also references "intentional misconduct" (Doc. 25 at 22) which is an independent basis for punitive damages under Florida law. *See IBP, Inc. v. Hady Enters., Inc.*, 267 F. Supp. 2d 1148, 1170 (N.D. Fla. 2002) ("Under Florida law, in order to recover punitive damages, a plaintiff must demonstrate . . . that the defendant is personally guilty of intentional misconduct or gross negligence."), *aff'd*, 52 F. App'x 487 (11th Cir. 2002).

search warrant in violation of the Fourth Amendment" while Plaintiff again states that these Defendants "commit[ed] wanton/gross negligence." (*Id.*). Count IV references Defendants Stancil and Narayan "falsely arrest[ing] Plaintiff in violation of" the Eighth Amendment while again stating that these actions constituted "gross negligence." (*Id.*).

In Count VI, Plaintiff claims that Defendant Murphy "illegally searched and seized Plaintiff's truck without a warrant or probable cause in violation of" the Fourth Amendment. (*Id.*). Fourth Amendment search claims and Fourth Amendment seizure claims are distinct causes of action, yet Plaintiff has joined them together in one count. *See Horton v. California*, 496 U.S. 128, 133 (1990) ("The right to security in person and property protected by the Fourth Amendment may be invaded in quite different ways by searches and seizures. A search compromises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property.").

Count VII states that Defendant Murphy "negligently failed to order a Gerstein v. Pugh, 420 U.S. 103, 124-25 (1975) hearing," which "violat[ed] federal due process and FL Rule Crim. Pro. 3.133." (Doc. 25 at 23). Plaintiff also incorporates other counts in Count VII by stating

that "Murphy's actions listed in Claims V-VII amount to intentional misconduct." (*Id.*). Even putting aside Plaintiff's reference to negligence in Count VII—an independent claim in itself under Florida law—it is unclear whether Plaintiff is asserting a due process claim, a claim under the cited Florida Rule of Criminal Procedure, or both.

Count VIII is brought against Defendant Screws. Plaintiff states that Screws "maliciously prosecuted Plaintiff in violation of federal due process" while, again, stating that Screws "commit[ed] wanton and gross negligence." (*Id.*). But it ambiguous whether Count VIII is a malicious prosecution claim, a due process claim,[3] or both—even though they arise from different constitutional provisions and are distinct claims for relief.[4]

---

[3] The Court also notes that there are different types of due process claims, yet Plaintiff's fails to identify which type he is asserting. *See Kantner v. Martin Cnty.*, 929 F. Supp. 1482, 1486 n.1 (S.D. Fla. 1996) ("Substantive due process rights differ from its procedural counterpart in the manner in which they occur and the remedy sought by the plaintiff.).

[4] *See Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018) ("To establish a federal claim for malicious prosecution under § 1983, a plaintiff must prove (1) the elements of the common-law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures."); *Hoefling v. City of Miami*, 811 F.3d 1271, 1282 (11th Cir. 2016) ("To state a substantive due process claim, a plaintiff must allege (1) a deprivation of a constitutionally protected interest, and (2) that the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation.") (cleaned up); *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th

In Count IX, Plaintiff asserts that Defendant Stancil "failed to protect the Swartz Estate by 'not' securing the home/property" after searching it which "result[ed] in negligence and deliberate indifference to" the "common law right to have authorities protect and serve." (Doc. 25 at 23). Count IX continues by asserting that these alleged actions were "[i]n violation of 5th Amendment Due Process rights to property . . . ." (*Id.*). But as noted previously, a negligence claim is not the same as a due process claim. And even if there is a "common law right" to be "protect[ed] and serve[d]," this is yet a third claim Plaintiff attempts to lump into Count IX. (*Id.*). Counts X and XI similarly assert violations of Plaintiff's "common law right" while simultaneously referencing gross negligence and Fifth Amendment due process violations. (*Id.* at 23-24).

Counts XII and XIII appear to be municipal liability claims against Defendants McCallum and Kramer. (*Id.* at 24). Like others, Counts XII and XIII allege Fifth Amendment due process violations while also

_____

Cir. 2006) ("In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.").

asserting that these Defendants "commit[ed] wanton and gross negligence." (*Id.*).

As demonstrated above and despite previously being warned against doing so (Doc. 20 at 6-7), Plaintiff has included multiple potential claims for relief and theories of liability in the Counts set forth in the complaint. This is not a pleading where Plaintiff identifies the claim being asserted in each count. Instead, the third amended complaint is a jumbled conglomeration of allegations with legal claims and citations to legal provisions scattered throughout. Plaintiff repeatedly lists various constitutional provisions (often more than one per Count) alongside phrases like negligence, gross negligence, and deliberate indifference— all of which are additional possible claims for relief.

Plaintiff's pleading strategy has left the Court uncertain as to exactly which claims Plaintiff is asserting in his third amended complaint. Defendants cannot be expected to defend against multiple potential causes of action asserted in each Count—when it is unclear which of the possible claims in each count are actually being brought.[5]

---

[5] *See also Burgess v. Royal Caribbean Cruises Ltd.*, 2020 WL 13349026, at *2 (S.D. Fla. Oct. 9, 2020) ("Despite Plaintiff's claim that the Complaint properly separates each cause of action and theory of

*See Weiland*, 792 F.3d at 1323 n.13 (noting "a complaint with untold causes of action, all bunched together in one count as a model shotgun pleading") (cleaned up). By "lump[ing] multiple claims together in [each] count[,]" Plaintiff "forces [the Court] to play detective rather than umpire." *Vargas v. Lincare, Inc.*, 134 F.4th 1150, 1162 (11th Cir. 2025) (Tjoflat, J., concurring). "This is not how litigation works." *Id.*

For the reasons above, Plaintiff's third amended complaint is a shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). The Court recognizes that Plaintiff is proceeding *pro se* and that *pro se* pleadings are "liberally construed." *Nalco Co. LLC v. Bonday*, 142 F.4th 1336, 1341 (11th Cir. 2025). But *pro se* litigants are still "required to conform to

---

negligence, the Complaint improperly lumps distinct claims and legal theories together in a single count with no regard to Rule 10(b)'s requirement that discrete claims be plead in separate counts. Indeed, in both Counts VIII and XVI , Plaintiff improperly pled 'Negligent Hiring, Selection, Retention, Monitoring and Training' of medical staff. These counts combine different causes of action that have distinct elements of law and require different findings.") (cleaned up); *James River Ins. Co. v. O'Gallagher LLC*, 340 F.R.D. 471, 475 (S.D. Fla. 2022) (noting a claim "bears the hallmarks of a shotgun pleading . . . given the lack of clarity as to how many and what claims for relief O'Gallagher sought to bring in its omnibus single count").

procedural rules." *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022).  And a court is not tasked with rewriting a deficient pleading, even if brought by a *pro se* party.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Plaintiff has filed several deficient complaints (Docs. 1, 8 to 10, 19), was told of the deficiencies in these pleadings, and provided with multiple opportunities to cure those deficiencies.  (Docs. 6, 15, 20).  Most recently, Plaintiff was advised that his second amended complaint (Doc. 19) was a shotgun pleading and warned that a failure to correct the identified deficiencies would result in a recommendation of dismissal.  (Doc. 20). Nonetheless, Plaintiff has filed a third amended complaint that suffers from the same type of deficiencies as the second amended complaint. Thus, dismissal is warranted.  *See Jackson*, 898 F.3d at 1358 (explaining that the district court should "give the plaintiff one chance to remedy such deficiencies" before dismissing the complaint as a shotgun pleading); *see also Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("There is no indication that, given a [fifth] bite at the apple, [Plaintiff] would correct the numerous deficiencies in his complaint.").

## II.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's third amended complaint (Doc. 25) be **DISMISSED** as an impermissible shotgun pleading.[6]

2.    All pending motions be **DENIED** as moot.

3.    The Clerk of Court be directed to enter judgment and close this case.

At Pensacola, Florida, this 4th day of November 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's

---

[6] Plaintiff's federal claims should be dismissed with prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).  To the extent the third amended complaint includes state law claims, those claims should be dismissed without prejudice to Plaintiff refiling them in state court.  *Id.* at 1296-97 (affirming dismissal of federal claims with prejudice on shotgun pleading grounds but stating that "to whatever extent that the [complaint] includes state law claims, the dismissal should have been without prejudice as to refiling in state court").

findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.